**CANTOR INJURY LAWYERS, PLC**
Jason A. Hutzler, State Bar #028488
Two Renaissance
40 N. Central Ave., Ste. 2320
Phoenix, AZ 85004
Phone: (602) 254-2701
Facsimile: (602) 374-2751
Email: j.hutzler@cantorinjurylawyers.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JANE B. DOE, a single woman,<br><br>    Plaintiff,<br><br>vs.<br><br>JAY WU, and JANE DOE WU, individually and as husband and wife; UNITED STATES OF AMERICA; SALT RIVER POLICE DEPARTMENT; John and/or Jane Does I through V, fictitious individuals; ABC Corporations and/or Partnerships and/or Sole Proprietorships and/or Joint Ventures I-X, fictitious entities,<br><br>    Defendants. | Case No.<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br>**(Federal Tort Claims Act)** |

Plaintiff Jane B. Doe, by and through counsel undersigned, for her Complaint against the Defendants alleges as follows:

1. At all times relevant herein, Plaintiff Jane B. Doe was a single woman and a resident of Maricopa County, Arizona.

2.      Defendants Jay Wu and Jane Doe Wu, upon information and belief, are married residents of the State of Arizona.  Defendant Jay Wu caused an event to occur in the State of Arizona out of which the subject matter of this lawsuit arises.

3.      Plaintiff alleges that, upon information and belief, Defendant Jay Wu was acting for and on behalf of the marital community as consisting of Jay Wu and Jane Doe Wu.  Plaintiff does not, at the present time, know the true name of the Defendant denominated as Jane Doe Wu and, therefore, sues her by fictitious name. At such time as the true name and identity of this fictitious Defendant becomes known to Plaintiff, Plaintiff will request leave of this Court to amend the Complaint.

4.      This action arises under 28 U.S.C. § 2671 *et. seq*., the Federal Court Tort Claims Act and jurisdiction for this action arises under 28 U.S.C § 346(b) and or 28 U.S.C § 1346(b). Venue is proper within the District of Arizona pursuant to 28 U.S.C § 1402(b) because all acts referred to herein occurred within the District of Arizona.

5.      Upon information and belief, the Defendant Salt River Police Department is an independent establishment of the executive branch of the government of Defendant United States of America.

6.      Defendants United States of America and/or the Salt River Police Department through its agents/employees have caused acts or events to occur within the State of Arizona, which acts or events form the basis for the cause of action set forth.

7. Upon information and belief, at all times relevant hereto, Defendant Jay Wu all times relevant hereto, was acting within the scope and course of his employment with Defendants United States of America and/or Salt River Police Department as a police officer.

8. Defendants United States of America and/or the Salt River Police Department are responsible for the negligent acts and/or omissions of the Defendant Jay Wu under the doctrine of *respondeat superior* and/or pursuant to 28 U.S.C § 1346.

9. The amount in controversy in this matter exceeds the minimum jurisdictional amount required for this Court's jurisdiction.

10. Plaintiff has provided Defendant United States with a proper and timely notice of her claim pursuant to the provisions of 28 C.F.R. part 14 and/or 28 U.S.C § 2675.

11. The foregoing claim was denied and this action has been timely filed in accordance with the Federal Tort Claims Act.

12. On March 29, 2016 Defendant Jay Wu, responding to a shoplifting investigation, had given Plaintiff Jane B. Doe a ride home.

13. During the ride home, Defendant Jay Wu, drove past Plaintiff Jane B. Doe's residence, refusing to let her out of the vehicle, despite Plaintiff's requests to be let out of the vehicle.

14. Defendant Jay Wu drove to a nearby residential area, parked next to a wall and opened the door for Plaintiff Jane B. Doe and told her he was going to "pat her down."

15. Defendant Jay Wu inserted his hands down the back of Plaintiff Jane B. Doe's pants and touched her buttocks.

16. Defendant Jay Wu inserted his hand in and under Plaintiff Jane B. Doe's shirt and grabbed each of her breasts while moving them up and down.

## COUNT I
### (UNLAWFUL SEXUAL CONDUCT PEACE OFFICER)

17. Plaintiff realleges paragraphs 1-16 above as though fully set forth in this Count 1.

18. A.R.S 13-1412 states as follows "a peace office commits unlawful sexual conduct by knowingly engaging in sexual contact, oral sexual contact or sexual intercourse with any person who is in the officer's custody or a person who the officer knows or has reason to know is the subject of an investigation.

19. Defendant Jay Wu intentionally and knowingly engaged in sexual conduct with Plaintiff Jane B. Doe on March 29, 2016, while she was in custody.

20. As a direct and proximate cause of Defendant Jay Wu's wrongful acts Plaintiff suffered and will continue to suffer in future great pain of mind and body, shock, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, sexual dysfunction, past and future medical expenses for psychological treatment, therapy and counseling.

## COUNT II
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

21. Plaintiff realleges paragraphs 1-20 above as though fully set forth in this count II.

22. In order to establish a claim for intentional infliction of emotional distress, a plaintiff must show that (1) the defendant's conduct was extreme and outrageous, (2) the defendant either

intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from his conduct, and (3) the defendant's actions caused the Plaintiff to suffer severe emotional distress. Ford v. Revlon, Inc., 153 Ariz. 38,43 (1987).

23. Defendant Jay Wu's wrongful conduct, including sexual abuse and conspiracy to conceal sexual abuse exceeded the bounds of decency, were extreme and outrageous, and were intended to cause emotional distress, or recklessly disregarded the certainty that distress would result, and did cause Plaintiff to suffer severe emotional and psychological distress.

24. Defendant Jay Wu intentionally caused Plaintiff Jane B. Doe emotional distress by subjecting her to continual humiliating and degrading sexual treatment, forceful sexual touching and assault, or other actions taken with reckless disregard to Plaintiff Jane B. Doe's well-being.

25. As a direct and proximate cause of Defendant Jay Wu's wrongful acts Plaintiff suffered and will continue to suffer in future great pain of mind and body, shock, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, sexual dysfunction, past and future medical expenses for psychological treatment, therapy and counseling.

## COUNT III

## (ASSAULT AND BATTERY)

26. Plaintiff realleges paragraphs 1-25 above as though fully set forth in this count II.

27. The conduct of Defendant Jay Wu, as described hereinbefore, placed Plaintiff Jane B. Doe in a state of fear of impending or imminent, unwanted, physical and sexual contact, and amounted to an assault.

28. The conduct of Defendant Jay Wu, as described hereinbefore, included harmful and offensive contact with the Plaintiff Jane B. Doe, and amounted to a battery.

29. As a direct and proximate cause of Defendant Jay Wu's wrongful acts, Plaintiff suffered and will continue to suffer in future great pain of mind and body, shock, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, sexual dysfunction, past and future medical expenses for psychological treatment, therapy, and counseling.

**WHEREFORE**, Plaintiff, Jane B. Doe, prays for judgment against the Defendants, as follows:

1. For Plaintiff's general damages;

2. For Plaintiff's expenses incurred for medical care and treatment of her injuries;

3. For interest on the judgment for Plaintiff's general damages at the maximum rate allowed by law from the date each item of general damages was incurred until paid; for interest on the judgment for Plaintiff's special damages at the maximum rate allowed by law from the date each item of special damages was incurred until paid;

4. For Plaintiff's costs incurred herein;

5. For Plaintiff's economic loss; and

6. For such other and further relief as to the Court deems just and proper.

/ / /

/ / /

**DEMAND FOR JURY TRIAL**

Plaintiff Jane B. Doe demands a trial by jury on all issues so triable.

DATED this 21[th] day of September, 2018.

                                             **CANTOR INJURY LAWYERS PLC**

                                             */s/ Jason A. Hutzler*
                                             Jason A. Hutzler, Esq.
                                             Two Renaissance
                                             40 N. Central Ave., Ste. 2320
                                             Phoenix, AZ 85004
                                             *Attorneys for Plaintiff Jane B. Doe*