**HUTZLER LAW, PLLC**
Jason Hutzler #028488
1934 E. Camelback Rd. #120-487
Phoenix, Arizona 85016
Phone: (602) 730-4530
Fax: (602) 532-7672
Jason@Hutzlerlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jane B. Doe, a single woman,<br><br>    Plaintiff,<br><br>vs.<br><br>Jay Wu, and Jane Doe Wu, individually and as husband and wife; United States of America; John and/or Jane Does I through V, fictitious individuals;<br>    Defendants. | No. 2:18-cv-03003-PHX-SMB<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR BENCH TRIAL** |

Plaintiff Jane B. Doe, by and through counsel undersigned, for her Complaint against the Defendants alleges as follows:

1.      At all times relevant herein, Plaintiff Jane B. Doe was a single woman and a resident of Maricopa County, Arizona.

2.      Defendants Jay Wu and Jane Doe Wu, upon information and belief, are married residents of the State of Arizona.  Defendant Jay Wu caused an event to occur in the State of Arizona out of which the subject matter of this lawsuit arises.

3.      Plaintiff alleges that, upon information and belief, Defendant Jay Wu was acting for and on behalf of the marital community as consisting of Jay Wu and Jane Doe Wu.

4.      This action arises under 28 U.S.C. § 2671 *et. seq.*, the Federal Court Tort Claims Act and jurisdiction for this action arises under 28 U.S.C § 346(b) and or 28 U.S.C § 1346(b). Venue is proper within the District of Arizona pursuant to 28 U.S.C § 1402(b) because all acts referred to herein occurred within the District of Arizona.

5.      Defendant United States of America through its agents/employees have caused acts or events to occur within the State of Arizona, which acts or events form the basis for the cause of action set forth.

6.      Upon information and belief, at all times relevant hereto, Defendant Jay Wu all times relevant hereto, was acting within the scope and course of his employment with Defendant United States of America for the Salt River Police Department as a police officer.

7.      Defendant United States of America is responsible for the negligent acts and/or omissions of the Defendant Jay Wu The amount in controversy in this matter exceeds the minimum jurisdictional amount required for this Court's jurisdiction.

8.      Plaintiff has provided Defendant United States with a proper and timely notice of her claim pursuant to the provisions of 28 C.F.R. part 14 and/or 28 U.S.C § 2675.

9.      The foregoing claim was denied and this action has been timely filed in accordance with the Federal Tort Claims Act.

10.     On March 29, 2016 Defendant Jay Wu, responding to a shoplifting investigation, had given Plaintiff Jane B. Doe a ride home.

11. During the ride home, Defendant Jay Wu, drove past Plaintiff Jane B. Doe's residence, refusing to let her out of the vehicle, despite Plaintiff's requests to be let out of the vehicle.

12. Defendant Jay Wu drove to a nearby residential area, parked next to a wall and opened the door for Plaintiff Jane B. Doe and told her he was going to "pat her down."

13. Defendant Jay Wu inserted his hands down the back of Plaintiff Jane B. Doe's pants and touched her buttocks.

14. Defendant Jay Wu inserted his hand in and under Plaintiff Jane B. Doe's shirt and grabbed each of her breasts while moving them up and down.

15. Following the incident, Defendant Jay Wu gave the Plaintiff Jane B. Doe a $100.00 and his business card in Plaintiff Jane B. Doe's purse, and told her "if you take care of me, I will take care of you".

16. Plaintiff Jane B. Doe left the scene on foot.

17. June 30, 2017, Defendant Jay Wu plead guilty to unlawful sexual conduct by a peace officer.

**COUNT I**
**(ASSUALT AND BATTERY)**

18. Plaintiff realleges paragraphs 1-19 above as though fully set forth in this count I.

19. The conduct of Defendant Jay Wu, as described hereinbefore, placed Plaintiff Jane B. Doe in a state of fear of impending or imminent, unwanted, physical and sexual contact, and amounted to an assault.

20. The conduct of Defendant Jay Wu, as described hereinbefore, included harmful and offensive contact with the Plaintiff Jane B. Doe, and amounted to a battery.

- 3 -

21. As a direct and proximate cause of Defendant Jay Wu's wrongful acts, Plaintiff suffered and will continue to suffer in future great pain of mind and body, shock, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, sexual dysfunction, past and future medical expenses for psychological treatment, therapy, and counseling.

## COUNT II
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

22. Plaintiff realleges paragraphs 1-23 above as though fully set forth in this count II.

23. Jay Wu searched Plaintiff.

24. JayWu's search created an unreasonable risk of bodily harm to the Plaintiff.

25. Jay Wu was cause of emotional distress to the Plaintiff.

26. Plaintiff's emotional distress resulted in physical injury to Plaintiff.

27. As a direct and proximate cause of Jay Wu's wrongful acts Plaintiff suffered and will continue to suffer in future great pain of mind and body, shock, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, sexual dysfunction, past and future medical expenses for psychological treatment, therapy and counseling.

## COUNT III
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

30. Plaintiff realleges paragraphs 1-29 above as though fully set forth in this count III.

31. In order to establish a claim for intentional infliction of emotional distress, a plaintiff must show that (1) the defendant's conduct was extreme and outrageous, (2) the defendant

either intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from his conduct, and (3) the defendant's actions caused the Plaintiff to suffer severe emotional distress. Ford v. Revlon, Inc., 153 Ariz. 38,43 (1987).

32. Jay Wu's wrongful conduct, the solicitation of sexual interaction in exchange for money exceeded the bounds of decency, was extreme and outrageous, and was intended to cause emotional distress, or recklessly disregarded the certainty that distress would result, and did cause Plaintiff to suffer severe emotional and psychological distress.

33. Jay Wu intentionally caused Plaintiff Jane B. Doe emotional distress by subjecting her to continual humiliating and degrading thoughts by soliciting her as if she was prostitute, or other actions taken with reckless disregard to Plaintiff Jane B. Doe's well-being.

34. As a direct and proximate cause of Wu's wrongful acts Plaintiff suffered and will continue to suffer in future great pain of mind and body, shock, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, sexual dysfunction, past and future medical expenses for psychological treatment, therapy and counseling.

**WHEREFORE**, Plaintiff, Jane B. Doe, prays for judgment against the Defendants, as follows:

1. For Plaintiff's general damages;

2. For Plaintiff's expenses incurred for medical care and treatment of her injuries;

3. For interest on the judgment for Plaintiff's general damages at the maximum rate allowed by law from the date each item of general damages was incurred until paid; for interest on the judgment for Plaintiff's special damages at the maximum rate allowed by law from the date each item of special damages was incurred until paid;

4. For Plaintiff's costs incurred herein;

5. For Plaintiff's economic loss; and

6.     For such other and further relief as to the Court deems just and proper.

**BENCH TRIAL IS REQUIRED**

Bench trial is required pursuant to 28 U.S.C. 2402

DATED this 14th day of March, 2019.

                /s/ Jason A. Hutzler
                Jason A. Hutzler, Esq.
                *Attorneys for Plaintiff*

**ORIGINAL** of the foregoing E-filed through ECF this 14th day of March, 2019.

*/s/ Jason A. Hutzler*